Matter of Saris (2023 NY Slip Op 06217)

Matter of Saris

2023 NY Slip Op 06217

Decided on December 05, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Anil C. Singh,J.P.,
Lizbeth González
Tanya R. Kennedy
Julio Rodriguez III
Bahaati E. Pitt-Burke
JJ.

Motion No. 2023-03161 Case No. 2023-03563 

[*1]In the Matter of Emanuel F. Saris, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Emanuel F. Saris (OCA ATTY. REG. NO. 2169225), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 16, 1988.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner.
Richard E. Grayson, Esq., for respondent.

PER CURIAM 

Respondent Emanuel F. Saris was admitted to the practice of law in the State of New York by the Second Judicial Department on March 16, 1988. At the time of the underlying complaint's filing, respondent's registered address with the Office of Court Administration (OCA) was located in the First Department; his most recent address listed with OCA is located in Melville, New York.
By notice of motion dated July 17, 2023, respondent seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York.
In support of his motion to resign, respondent has submitted his affidavit sworn to July 7, 2023, which conforms to the format set forth in the Rules' Appendix A (22 NYCRR 1240.25). He acknowledges that he is the subject of an investigation by the Attorney Grievance Committee (AGC) involving allegations of professional misconduct, including the misappropriation of $110,000 of one client's escrow funds.
Respondent attests that he cannot successfully defend himself against the allegations of professional misconduct, and that his resignation is freely and voluntarily rendered with full awareness of the consequences, including that this Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law (see 22 NYCRR 1240.10[a][1], [2]).
In addition, respondent attests that he has repaid all misappropriated funds, under no duress, during the pendency of the AGC investigation, thus eliminating the need for entry of an order pursuant to Judiciary Law § 90(6-a), directing him to make monetary restitution (see 22 NYCRR 1240.25). He further recognizes that his resignation is subject to any Committee's future application pursuant to Judiciary Law § 90(6-a) for an order directing him to make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order (see id. ).
Respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them (see id. ).
Respondent understands that, in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
By affirmation dated July 26, 2023, the AGC does not oppose respondent's application to resign, noting that his resignation papers comply with 22 NYCRR 1240.10, and respondent has completed the required [*2]affidavit with the requisite admissions (see 22 NYCRR 1240.10, 1240.25). The AGC confirms that respondent has repaid the $110,000 during the pendency of the investigation, and thus there is no need for a restitution order pursuant to 22 NYCRR 1240.10(b)(3) and Judiciary Law § 90(6-a).
Accordingly, the motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 7, 2023.
All concur.
It is Ordered that the application of respondent, Emanuel F. Saris, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent Emanuel F. Saris is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 7, 2023, and
It is further Ordered that pursuant to Judiciary Law § 90, effective immediately, respondent Emanuel F. Saris is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Emanuel F. Saris is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Emanuel F. Saris has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: December 5, 2023